IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE J. ZELLERS,<br>　　　　　Plaintiff,<br><br>　　　v.<br><br>JO ANNE B. BARNHART,<br>　Commissioner of Social Security,<br>　　　　　Defendant. | :<br>:<br>:<br>:　CIVIL ACTION<br>:<br>:　NO. 04-2890<br>:<br>:<br>:<br>:<br>: |

## Order

And now this ___ day of June 2005, upon consideration of the parties' cross-motions for summary judgment, and after careful review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice and plaintiff's objections thereto, it is hereby ORDERED that:

1.　　Plaintiff's objections are OVERRULED.[1]

---

[1] Plaintiff has raised two objections to Magistrate Judge Rice's very comprehensive and detailed Report and Recommendation, which recommended that the court grant defendant's motion for summary judgment and deny plaintiff's. First, plaintiff contends that there was not substantial evidence to support the finding of the Administrative Law Judge ("ALJ") that plaintiff's testimony at the January 28, 2004 hearing was not credible. In addition, plaintiff asserts that the ALJ did not properly consider the testimony of the vocational expert ("VE"), who testified at the hearing that "based on the Plaintiff's limitations, the Plaintiff was unemployable." Objections at 1.

　　　Credibility determinations are reserved for the ALJ, but the ALJ must also provide reasoning for discrediting testimony. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). Here, the ALJ did give reasoning for finding that plaintiff's "allegations as to limitations and inability to work are not entirely credible." R. 15. The ALJ stated explicitly in his decision that "the allegations are not supported by the objective findings and degree of treatment," and he then proceeded to explain that while plaintiff had degenerative disc disease since 1988, plaintiff did not consult with any specialist for treatment until he filed his application for Supplemental Security Income and Disability Insurance Benefits on January 17, 2003. *Id.* In addition, the ALJ noted that the only treatment plaintiff received during this time was "seeing his family physician periodically." *Id.* Finally, the ALJ considered plaintiff's physical therapy, and the examinations and tests that were performed on plaintiff, and concluded that they did not support plaintiff's

    2.       The Report and Recommendation is APPROVED and ADOPTED.

    3.       The motion of plaintiff George J. Zellers for summary judgment is DENIED.

    4.       The motion of Defendant Jo Anne B. Barnhart, Commissioner of Social Security, for summary judgment is GRANTED.

    5.       Judgment is entered affirming the decision of the Commissioner.

                                                                                          _____

                                                                              William H. Yohn, Jr., Judge

---

allegations. The Third Circuit has deemed proper the consideration of a claimant's medical history in assessing credibility. *See, e.g.*, *Burns v. Barnhart*, 312 F.3d 113, 129-30 (3d Cir. 2002) (comparing claimant's testimony to the medical opinions in the case record and finding claimant's testimony "not fully credible"). In light of the foregoing, the court agrees with Magistrate Judge Rice that the ALJ's assessment of plaintiff's credibility was supported by substantial evidence. *See* MJRR at 13-14.

       With reference to whether the ALJ properly considered the testimony of the VE, the court finds that plaintiff's characterization of that testimony is misleading. As stated above, plaintiff contends that the "VE testified that, based on the Plaintiff's limitations, the Plaintiff was unemployable." Objections at 1. However, the VE actually named three jobs plaintiff could perform – finish machine operator, quality control worker, and grading and sorting worker – when the ALJ asked the VE to assume a hypothetical person with plaintiff's characteristics. R. 278. It was only after the ALJ added several other hypothetical characteristics – having to lie down for an hour during the workday, miss two days per workweek, and take percocet three times per day – that the VE stated that plaintiff would be unemployable. R. 273-77. "A hypothetical question must reflect all of a claimant's impairments that are supported by the record." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). As stated above, the ALJ properly assessed plaintiff's credibility and medical history and decided that plaintiff did not have the additional hypothetical characteristics that would have rendered him unemployable. Thus, the court agrees with Magistrate Judge Rice that "the ALJ's initial hypothetical question properly addressed the limitations established by the evidence," and thus "the ALJ properly relied on the VE's response to the first hypothetical question." MJRR at 15.